IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00703 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON DAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT AARON DAN'S RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE) (ECF No. 88)**

Defendant is currently incarcerated at Federal Correctional Institute Terminal Island in California with a projected release date of February 18, 2028.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic. He contracted COVID-19 and claims that his medical conditions place him at high risk of suffering serious complications from the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, the Court finds that Defendant's release is not appropriate. Defendant claims he already contracted COVID-19 and does not report any

1

serious complications as a result.  Records from the Bureau of Prisons state that Defendant has recovered from the virus.

In addition, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support Defendant's release.  Defendant was a leader or organizer of more than five people in the drug conspiracy which involved more than 840 grams of ice and 25 kilograms of cocaine.  Defendant's serious criminal history at his young age, his past violations of the terms of his pretrial release, and his numerous incidents of misconduct while incarcerated are all factors that demonstrate that Defendant poses a significant danger to the public and he should not be immediately released into the community.

Defendant's RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE) (ECF No. 88) is **DENIED.**

## PROCEDURAL HISTORY

On March 1, 2013, Defendant was arrested pursuant to a warrant issued following the filing of a Criminal Complaint. (ECF Nos. 1, 3, 5).

On March 4, 2013, Defendant was released on bail.  (ECF No. 5).

On August 21, 2015, Defendant was arrested in Palouse, Whitman County, in Washington State, as a result of identity theft and providing a false name to a police officer.  (ECF No.

93-2 at ¶ 2).

On August 27, 2015, Pretrial Services filed a Petition for Action due to Defendant Dan's arrest in Washington and for violating the terms of his release by traveling to the State of Washington from Hawaii without approval.  (ECF No. 33).

On September 8, 2015, the Government filed an Information charging Defendant Dan with one Count of Conspiracy to Distribute 50 Grams Or More Of Methamphetamine And 5 Kilograms Or More Of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  (ECF No. 42).

On September 15, 2015, Defendant Dan pled guilty, pursuant to a plea agreement, to the one Count in the Information.  (ECF Nos. 46-49, 52).

On April 6, 2016, Defendant's Presentence Investigation Report was filed.  (ECF No. 76).  The Presentence Report reflected that at the time of sentencing Defendant was 30 years old, and he was in Criminal History Category III with a Total Offense Level of 35 and a guideline range of 210 to 262 months imprisonment.  (Id. at pp. 3, 32).

On April 7, 2016, the Court held a sentencing hearing.  (ECF No. 79).  The Government filed a Motion for Downward Departure, which was granted.  (Id.; ECF Nos. 68, 78)

The Court imposed a sentence of 160 months imprisonment, followed by 5 years of supervised release.  (ECF No. 81).

On May 4, 2020, Defendant filed DEFENDANT AARON DAN'S MOTION

TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release).  (ECF No. 86).

On May 8, 2020, the Court issued a Minute Order denying Defendant Dan's Motion without prejudice due to his failure to either exhaust his administrative remedies or comply with the 30-day lapse requirement before filing his Motion before the Court. (ECF No. 87).

On May 19, 2020, Defendant filed DEFENDANT AARON DAN'S RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE).  (ECF No. 88).

On May 20, 2020, the Court issued a briefing schedule.  (ECF No. 90).

On June 1, 2020, the Government filed UNITED STATES' OPPOSITION TO DEFENDANT'S RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE). (ECF No. 93).

On June 9, 2020, Defendant filed a Reply.  (ECF No. 94).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## **ANALYSIS**

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>  (i)  extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
>       and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A. Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). In order to file a motion for compassionate release directly with the court, defendant must have either:

(1) "fully exhausted all administrative rights" with the Bureau of Prisons; or,

(2) filed his motion with the court after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for compassionate release with the BOP or the warden of the defendant's facility is a mandatory rule. United States v. Alam, ___ F.3d ___, 2020 WL 2845694, *1-*3 (6th Cir. June 2, 2020). The defendant must either "fully exhaust" his request with the BOP or wait 30 days from the date of filing his request with the warden before the Court may consider a request for compassionate release. See United States v. Haney, ___ F.Supp.3d ___, 2020 WL 1821988, *3 (S.D.N.Y Apr. 13, 2020) (explaining the statute "requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court").

The Parties agree that Defendant has complied with the

procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider his motion for compassionate release. On April 14, 2020, Defendant, through counsel, submitted a request for compassionate release to the warden of FCI Terminal Island. More than thirty days have lapsed since the Defendant submitted his request which allows the Court to consider Defendant's Motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Haney, 2020 WL 1821988, at *3.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A)   Extraordinary and compelling reasons
>              warrant the reduction; or
>
>        (B)   The defendant (i) is at least 70 years
>              old; and (ii) has served at least 30
>              years in prison pursuant to a sentence

7

        imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

  (2)   The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

  (3)   The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c). Defendant is only entitled to relief if he demonstrates:

(1) extraordinary and compelling reasons warrant a sentence reduction;

(2) he is not a danger to the safety of others or the community; and,

(3) any requested reduction is consistent with the policy statement.

<u>United States v. Gill</u>, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### 1. Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the

passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Section 1B1.13 explains that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

  (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is—

   (I)    suffering from a serious physical or medical condition,

   (II)   suffering from a serious functional or cognitive impairment, or

   (III)  experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) **Other Reasons**.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 34 years old. He is suffering from a medical condition that Defendant argues warrants relief. Defendant has ulcerative colitis which is an inflammatory bowel disease. (Motion at p. 3, ECF No. 88-1). To manage his ulcerative colitis, Defendant takes numerous medications provided to him at FCI Terminal Island. (Id. at p. 5). Defendant also receives IV infusions of Entyvio every eight weeks to manage and control his ulcerative colitis. (Id.)

Defendant has not demonstrated that extraordinary and compelling reasons exist to support compassionate release. Defendant's Motion is premised on the claim that his ulcerative colitis places him in a category of individuals who may suffer serious medical complications if he contracts COVID-19. Defendant, however, already tested positive for COVID-19 on April 30, 2020. (Id. at p. 7). Defendant claims that he suffered a number of symptoms, none of which were so severe as to require medical treatment or hospitalization. (Decl. of Attorney Mizono at ¶ 4, attached to Def.'s Reply, ECF No. 94-1).

According to his Inmate Profile filed by the Government,

Defendant was deemed to be "COVID-19 RECOVERED" on May 18, 2020. (Inmate Profile for Defendant Dan, attached as Ex. 1 to Gov't Opp., ECF No. 93-3). Defendant claims that he has not been retested to confirm he is recovered, but Defendant does not claim that he is currently suffering from any symptoms. As the Government points out, the record demonstrates that Defendant is receiving the necessary medical treatment to manage his ulcerative colitis. (Gov't Opp. at pp. 7-10, ECF No. 93).

Defendant has not established a basis for compassionate release based on his medical issues. Even if his ulcerative colitis did constitute an "extraordinary and compelling reason," Defendant does not warrant a reduction in sentence based on the sentencing factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements. Defendant poses a danger to the community and immediate release is not warranted.

> **2. Release Is Not Available If Defendant Poses A Danger To The Safety Of Others And The Community**

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) sentencing factors do not weigh in favor of a reduced sentence. The Section 3553(a) factors include the nature and circumstances of the offense, the history and

characteristics of the defendant, and the need for the sentence imposed.  The nature and circumstances of Defendant Dan's offense weigh in favor of his 160-month sentence.  The Presentence Report reflects that Defendant Dan was an organizer or leader of a conspiracy to distribute drugs that involved five or more participants.  The conviction involved a large quantity of drugs: 25 kilograms of cocaine and 840 grams of ice, high purity methamphetamine.

Defendant's history and characteristics also do not favor a reduced sentence.  Defendant was 30 years old at the time of his sentencing on April 7, 2016, and he already was in Criminal History Category III at such a young age.  Defendant has a long history of involvement with the criminal justice system dating back to 2003 when he was only 18 years old.  Defendant Dan has three separate convictions for Driving Under The Influence Of An Intoxicant and numerous arrests.  (Presentence Report at pp. 14-18, ECF No. 76).  Defendant also has convictions for Promoting Marijuana, Accidents Involving Bodily Injury, and Failure To Obey An Officer.  (Id.)

In addition, Defendant has had numerous issues of misconduct both while on pretrial release and while serving his current sentence.  During pretrial release in August 2015, Defendant violated his bail conditions by traveling to the State of Washington without permission.  (ECF Nos. 33, 38).  Defendant was arrested in Washington and presented another person's driver's license when stopped by Washington police officers.  (Gov't Opp.

at p. 13, ECF No. 93; Decl. of Thomas Mueleck at ¶¶ 2-3, ECF No. 93-2).

Defendant has a lengthy disciplinary record while incarcerated for his current conviction. Defendant's numerous misconduct incidents include use of drugs, being in an unauthorized area, destruction of property, contacting the public without authorization, possessing an unauthorized item, phone abuse, and disruptive conduct. (Inmate Discipline Data, attached as Ex. 2 to Gov't Opp., ECF No. 93-4). Defendant attempts to explain away his numerous incidents of misconduct in the Reply. (Reply at pp. 5-6, ECF No. 94). The Court cannot ignore Defendant's criminal record or Defendant's poor record of behavior while serving his sentence.

Defendant poses a danger to the safety of others and the community. The factors in Section 3553(a) do not support the immediate release of the Defendant. Defendant's serious criminal history, young age, lack of rehabilitation, and misconduct while on pretrial release and while incarcerated do not favor release. He is in Criminal History Category III, had a total offense level of 35, and had a sentencing guideline range of 210 to 262 months imprisonment. Defendant received a significant downward departure and was sentenced to 160 months imprisonment. When Defendant applied for compassionate release, he had only served 48 months of his 160-month sentence. Defendant has more than two-thirds of his sentence of imprisonment left to serve. Defendant's immediate release is not appropriate considering the

totality of the circumstances.

## CONCLUSION

Defendant's Renewed Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (ECF No. 88) is **DENIED**.

IT IS SO ORDERED.

Dated: June 24, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Aaron Dan, Crim. No. 15-00703 HG-01; **ORDER DENYING DEFENDANT AARON DAN'S RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE) (ECF No. 88)**